# EXHIBIT A

19STCV29456

Electronically FILED by Superior Court of California, County of Los Angeles on 08/20/2019 01:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SUNRISE BRANDS, LLC, a California  limited liability company; and
DOES 1 to 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAMANTHA HOREN, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse<br><br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**19STCV29456** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jackie Rose Kruger, The Kruger Law Firm, 485 S Robertson Blvd. #4, Beverly Hills, CA 90212

| DATE: August 15, 2019<br>*(Fecha)*     08/20/2019 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by _____ , Deputy<br>*(Secretario)*     Marita P. Barel     *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SUNRISE BRANDS, LLC, a California limited liability company

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

Electronically FILED by Superior Court of California, County of Los Angeles on 08/20/2019 01:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Jackie Rose Kruger, SBN: 231085
The Kruger Law Firm
485 S. Robertson Blvd. Suite #4
Beverly Hills, CA 90211
krugerlaw@thekrugerlawfirm.com
Tel: 310-550-1234
Fax: 310-550-6904

Attorneys for Plaintiff, Samantha Horen

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

### [UNLIMITED JURISDICTION]

| | |
|---|---|
| SAMANTHA HOREN, an individual<br><br>Plaintiff,<br><br>v.<br><br>SUNRISE BRANDS, LLC, a California limited liability company; and DOES 1 to 20, inclusive,<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Wrongful Termination In Violation of Public Policy**<br>2. **Wrongful Termination in Violation of FEHA**<br>3. **Disability Discrimination**<br>4. **Retaliation**<br>5. **Failure to Engage in Interactive Process**<br>6. **Violation of Family Medical Leave Act (FMLA) – Retaliation**<br>7. **Violation of Family Medical Leave Act (FMLA) – Interference**<br>8. **Violation of California Family Rights Act (CFRA)** |

COMES NOW Plaintiff Samantha Horen complaining of the Defendants, and each of them, as follows:

//

//

//

-1-

COMPLAINT

## PARTIES

1.     Plaintiff Samantha Horen (hereafter, "Plaintiff"), was at all times relevant to this action, and is now, a resident of the County of Los Angeles, State of California.

2.     Plaintiff is informed and believes, and thereon alleges, that Sunrise Brands, LLC (hereafter, "Sunrise Brands") is, and at all times material hereto was, a California corporation doing business in the County of Los Angeles, State of California, employing more than 50 employees, and is engaged in interstate commerce within the meaning of California *Government Code* Section 12926.

3.     Plaintiff does not know the true names, capacities, or basis for liability of Defendants Doe 1 through Doe 20, as each fictitiously named defendant is in some manner liable to Plaintiff.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named defendants is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were actually and/or proximately caused by such defendants.

4.     Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein, each of the defendants was an agent, servant and/or employee of each of the remaining defendants, and each of the defendants was at all times mentioned herein acting within the time, purpose and/or scope of said agents and/or employment, and acting with the express and/or implied knowledge, permission and/or consent of each of the remaining defendants, and each of the defendants approved and/or ratified the discriminatory acts and/or omissions and/or conduct alleged herein. Each of the defendants, either by themselves, or at their direction through the actions or omissions of their agents, servants and/or employees, either participated in the discriminatory acts and/or omissions and/or conduct alleged herein and/or knew of the discriminatory acts and/or omissions and/or conduct alleged herein, and failed to take corrective action.

//

//

## FACTS COMMON TO ALL CAUSES OF ACTION

5.     Sunrise Brands is a Limited Liability Company engaged in garment wholesale business.

6.     In or around December 2015, Ms. Horen began working at Sunrise Brands as an Assistant Designer.

7.     Throughout Ms. Horen's employment at Sunrise Brands, Ms. Sarah Shelby, the Divisional Denim Director ("Ms. Shelby"), on at least one occasion, told female employees that they should not become pregnant while another employee was pregnant.

8.     Starting March 2017, Ms. Horen went through a series of unfortunate event causing her grave physical and psychological trauma.

9.     Ms. Horen had to take time off to seek medical treatments due to injuries she received she received off the job and to care for her family.

10.    In or around May 2017, Ms. Horen was called into Ms. Karen Wasserman's ("Ms. Wasserman") office to meet with Ms. Wasserman and Ms. Shelby. Despite having knowledge of reasons for Ms. Horen's leave of absence, Ms. Shelby and Ms. Wasserman chastised Ms. Horen for her absences. Ms. Shelby threatened to terminate Ms. Horen if she had more absences.

11.    Shortly after that meeting with Ms. Wasserman and Ms. Shelby, Ms. Horen reported to Human Resources ("HR"). Ms. Horen met with the head of the HR department, Ms. Rosa Castro ("Ms. Castro") as well as a HR representative Miscella Ruano ("Ms. Ruano"). Ms. Horen expressed her concern that Ms. Wasserman and Ms. Shelby discriminated and retaliated against her due to the her leave of absences. Ms. Horen also asked HR if she could seek protection under the Family and Medical Leave Act. Ms. Castro did not address Ms. Horen's concerns.

12.    In or around June 2017, Ms. Horen took a medical leave of absence at the advice of her physician.

13.    On or around September 25, 2017, Ms. Horen was terminated on the ground that she had "too many absences."

14.    On September 21, 2018, Plaintiff received a Right to Sue letter from the

Department of Fair Employment and Housing, attached hereto as Exhibit "1."

## FIRST CAUSE OF ACTION

**WRONGFUL TERMINATION IN VIOLATION OF THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

**(Against Sunrise Brands, LLC and Does 1 to 20)**

15.     Plaintiff hereby refers to and incorporates paragraphs 1 through 14, inclusive, of this Complaint by reference, as though fully set forth herein.

16.     Plaintiff is informed and believes that she was terminated by Sunrise Brands as a result of her disability and her asserting CFRA/FMLA rights, and in violation of public policy and California and Federal policies aimed at protecting the employee.

17.     It is the public policy of the State of California that employers must not retaliate against employees for reporting prohibited misconduct by their supervisors.

18.     It is also the public policy of the State of California that employer shall not discriminate against an employee for gender, disability or asserting a legally protected employee right.

19.     Plaintiff was employed by Sunrise Brands.

20.     During her employment, she was told not to get pregnant if another employee is pregnant.

21.     Plaintiff had to take leave of absence due to need to care for personal and direct family member's health.

22.     Plaintiff was chastised and harassed for taking leave absence for legitimate reasons. Defendant told Plaintiff "it doesn't matter why you weren't at work, just that you missed work."

23.     As a result of the harassment, retaliation and discrimination Plaintiff faced, Plaintiff attempted to seek recourse from HR to no avail.

24.     Plaintiff was terminated.

25.     Plaintiff is informed and believes and thereon alleges that her termination was motivated by her disability, her asserting CFRA/FMLA rights, her request for accommodation

and her complaints to HR.

26.     As a direct and proximate result of Sunrise Brands' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

27.     As a direct and proximate result of Sunrise Brands' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

28.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Sunrise Brands described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. Moreover, Sunrise Brands refused to provide Plaintiff with reasonable accommodations despite having the apparent capacity to do so, instead choosing to terminate her, thereby causing Plaintiff additional stress and exacerbating her already significant health issues. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Sunrise Brands in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

**(Against Sunrise Brands, LLC and Does 1 to 20)**

29.     Plaintiff hereby refers to and incorporates paragraphs 1 through 28, inclusive, of this Complaint by reference, as though fully set forth herein.

30.     Plaintiff is informed and believes that he was terminated by Defendants as a result of her disability, requesting for accommodations, her asserting CFRA/FMLA rights and complaints to HR in violation of the California Fair Employment and Housing Act.

31.     Plaintiff was employed by Sunrise Brands.

32.     During her employment, she was told not to get pregnant if another employee is

1    pregnant.

2         33.    Plaintiff suffered from disability that limited her major life activity.

3         34.    Defendants were aware of Plaintiff's disability and the unfortunate events that

4    caused her disability.

5         35.    Plaintiff took leave of absence to care for her medical condition and her family

6    member's health.

7         36.    Defendants harassed and chastised Plaintiff for taking leave of absence for

8    legitimate reasons.

9         37.    Defendant refused to engage in any interactive process with Plaintiff and in fact

10   stated it does not matter what was Plaintiff's reason for not being at work. Defendant was told

11   not to miss any more work.

12        38.    As a result of the harassment, retaliation and discrimination Plaintiff faced,

13   Plaintiff attempted to seek recourse from HR to no avail.

14        39.    Plaintiff was terminated.

15        40.    Plaintiff is informed and believes and thereon alleges that her termination was

16   motivated by her disability, her request for accommodation and her complaints to HR.

17        41.    As a direct and proximate result of Sunrise Brands' willful, knowing, and

18   intentional actions against her, Plaintiff has suffered and will continue to suffer pain and

19   suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby

20   entitled to general, special, and compensatory damages in amounts to be proven at trial.

21        42.    As a direct and proximate result of Sunrise Brands' willful, knowing, and

22   intentional actions against her, Plaintiff has suffered and will continue to suffer a loss of earnings

23   and other employment benefits and job opportunities. Plaintiff is thereby entitled to general,

24   special, and compensatory damages in amounts to be proven at trial.

25        43.    Plaintiff is informed and believes and based thereon alleges that the outrageous

26   conduct of Sunrise Brands described above was done with malice, fraud and oppression and with

27   conscious disregard for her rights and with the intent, design and purpose of injuring her.

28   Moreover, Sunrise Brands refused to provide Plaintiff with reasonable accommodations despite

1  having the apparent capacity to do so, instead choosing to terminate her, thereby causing Plaintiff

2  additional stress and exacerbating her already significant health issues. By reason thereof,

3  Plaintiff is entitled to punitive or exemplary damages from Sunrise Brands in a sum according to

4  proof at trial.

5  <center>**THIRD CAUSE OF ACTION**</center>

6  <center>**DISABILITY DISCRIMINATION**</center>

7  <center>**(Against Sunrise Brands and Does 1 to 20)**</center>

8       44.    Plaintiff hereby refers to and incorporates paragraphs 1 through 43, inclusive, of

9  this Complaint by reference, as though fully set forth herein.

10       45.    Plaintiff was employed by Sunrise Brands.

11       46.    Plaintiff suffered from disability that limited her major life activity.

12       47.    Defendants were aware of Plaintiff's disability and the unfortunate events that

13  caused her disability.

14       48.    Defendants harassed and chastised Plaintiff for taking leave of absence in relation

15  to her disability.

16       49.    Defendant refused to engage in any interactive process with Plaintiff and in fact

17  stated it does not matter what Plaintiff's reason was for not being at work. Defendant told

18  Plaintiff not to miss more work.

19       50.    As a result of the harassment, retaliation and discrimination Plaintiff faced,

20  Plaintiff attempted to seek recourse from HR to no avail.

21       51.    Plaintiff was terminated.

22       52.    Plaintiff is informed and believes and thereon alleges that her termination was

23  motivated by her disability, her requests for accommodation and her complaints about the

24  harassment she faced due to her disability.

25       53.    As a direct and proximate result of Sunrise Brands' willful, knowing, and

26  intentional actions against her, Plaintiff has suffered and will continue to suffer pain and

27  suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby

28  entitled to general, special, and compensatory damages in amounts to be proven at trial.

54.     As a direct and proximate result of Sunrise Brands' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

55.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Sunrise Brands described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. Moreover, Sunrise Brands refused to provide Plaintiff with reasonable accommodations despite having the apparent capacity to do so, instead choosing to terminate her, thereby causing Plaintiff additional stress and exacerbating her already significant health issues. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Sunrise Brands in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

### RETALIATION

### (Against Sunrise Brands and Does 1 to 20)

56.     Plaintiff hereby refers to and incorporates paragraphs 1 through 55, inclusive, of this Complaint by reference, as though fully set forth herein.

57.     Plaintiff was employed by Sunrise Brands.

58.     Plaintiff took leave of absence to care for her medical condition and her family member's health.

59.     Defendants were aware of Plaintiff and her family member's health issues and the reasons that Plaintiff requested leave of absences.

60.     Defendants harassed and chastised Plaintiff for taking leave of absence.

61.     Defendant refused to engage in any interactive process with Plaintiff and in fact stated it does not matter what Plaintiff's reason for not being at work was.

62.     As a result of the harassment, retaliation and discrimination Plaintiff faced, Plaintiff attempted to seek recourse from HR to no avail.

63.     Plaintiff was terminated.

64.     Plaintiff is informed and believes and thereon alleges that her termination was motivated by her requesting leave of absences and her complaints about the harassment she faced.

65.     As a direct and proximate result of Sunrise Brands' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

66.     As a direct and proximate result of Sunrise Brands' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

67.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Sunrise Brands described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. Moreover, Sunrise Brands refused to provide Plaintiff with reasonable accommodations despite having the apparent capacity to do so, instead choosing to terminate her, thereby causing Plaintiff additional stress and exacerbating her already significant health issues. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Sunrise Brands in a sum according to proof at trial.

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN INTERACTIVE PROCESS

### (Against Sunrise Brands and Does 1 to 20)

68.     Plaintiff hereby refers to and incorporates paragraphs 1 through 67, inclusive, of this Complaint by reference, as though fully set forth herein.

69.     Plaintiff was employed by Defendants.

70.     Plaintiff suffered from disability.

71.     Due to her disability and her family member's illness, Plaintiff had to take leave of absences.

72.     Defendants were aware of Plaintiff's disability and the reasons Plaintiff requested leave of absences.

73.     Defendant denied Plaintiff's requests on more than one occasion. Defendants harassed and chastised Plaintiff for taking leave of absence.

74.     As a result of the harassment, retaliation and discrimination Plaintiff faced, Plaintiff attempted to seek recourse from HR to no avail.

75.     Plaintiff was terminated.

76.     Defendant refused to engage in any interactive process with Plaintiff and in fact stated it does not matter what Plaintiff's reason for not being at work was.

77.     Defendants failed to engage in a good-faith interactive process to determine whether reasonable accommodation could be made before denying all Plaintiff's requests for accommodation and terminating Plaintiff.

78.     The wrongful conduct alleged herein was carried out by the supervisors, agents and/or officers of Defendants, and each of them, in the course and scope of their employment. Defendants are, therefore, strictly liable for the unlawful conduct of their supervisors, agents/or officers.

79.     Plaintiff is informed and believes, and thereon alleges that Defendants authorized and/or ratified the conduct of all of its supervisors, managers, and/or employees by engaging in a system and pattern of encouraging them to discriminate against Plaintiff by retaining them after learning of their retaliatory conduct toward Plaintiff.

80.     As a direct and proximate result of Defendants' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

81.     As a direct and proximate result of Defendants' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

82.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. Moreover, Defendants refused to provide Plaintiff with reasonable accommodations despite having the apparent capacity to do so, instead choosing to terminate her, thereby causing Plaintiff additional stress and exacerbating her already significant health issues. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF FAMILY MEDICAL LEAVE ACT - RETALIATION

### (Against Sunrise Brands and Does 1 to 20)

83.     Plaintiff hereby refers to and incorporates paragraphs 1 through 82, inclusive, of this Complaint by reference, as though fully set forth herein.

84.     Plaintiff was employed by Defendants.

85.     Plaintiff had s serious health issue.

86.     Plaintiff's family member had a serious health issue.

87.     Due to the serious health issues, Plaintiff requested and took time off to care for her own and her family member's health.

88.     Plaintiff provided the reasons for her leave of absences and gave notice to Defendant to her best ability.

89.     Defendant denied Plaintiff's requests on at least one occasion. Defendants harassed and chastised Plaintiff for taking leave of absence to care for herself and her family member.

90.     Defendant refused to engage in any interactive process. Defendant stated it does not matter what Plaintiff's reason for not being at work was and that Plaintiff was required to be present at work.

91.     As a result of the harassment, retaliation and discrimination Plaintiff faced, Plaintiff attempted to seek recourse from HR to no avail.

92.     Plaintiff was terminated.

93.     Plaintiff is informed and believes and thereon alleges that her termination was motivated by her request for time off for FMLA reasons and her complaints about harassment she received for asserting her legitimate rights under FMLA.

94.     The wrongful conduct alleged herein was carried out by the supervisors, agents and/or officers of Defendants, and each of them, in the course and scope of their employment. Defendants are, therefore, strictly liable for the unlawful conduct of their supervisors, agents/or officers.

95.     Plaintiff is informed and believes, and thereon alleges that Defendants authorized and/or ratified the conduct of all of its supervisors, managers, and/or employees by engaging in a system and pattern of encouraging them to discriminate against Plaintiff by retaining them after learning of their retaliatory conduct toward Plaintiff.

96.     As a direct and proximate result of Defendants' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

97.     As a direct and proximate result of Defendants' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

98.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. Moreover, Defendants refused to provide Plaintiff with reasonable accommodations despite having the apparent capacity to do so, instead choosing to terminate her, thereby causing Plaintiff additional stress and exacerbating her already significant health issues. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

//

//

## SEVENTH CAUSE OF ACTION

### VIOLATION OF FAMILY MEDICAL LEAVE ACT - INTERFERENCE

#### (Against Sunrise Brands and Does 1 to 20)

99. Plaintiff hereby refers to and incorporates paragraphs 1 through 98, inclusive, of this Complaint by reference, as though fully set forth herein.

100. Plaintiff was employed by Defendants.

101. Plaintiff suffered from disability that limited her major life activity.

102. Due to her disability and her family member's illness, Plaintiff had to take leave of absences.

103. Defendants were aware of Plaintiff's disability and the reasons that Plaintiff requested leave of absences.

104. Defendant denied Plaintiff's requests on at least one occasion. Defendants harassed and chastised Plaintiff for taking leave of absence.

105. Defendants told Plaintiff she must be present at work in the future, denying any future requests for FMLA leave.

106. Plaintiff attempted to seek recourse from HR and expressed concerns over her FMLA rights. HR did not address her concerns.

107. Plaintiff was terminated.

108. Defendant refused to engage in any interactive process with Plaintiff and in fact stated it does not matter what was Plaintiff's reason for not being at work.

109. Defendants failed to engage in a good-faith interactive process to determine whether reasonable accommodation could be made before denying all Plaintiff's requests for accommodation and terminating Plaintiff.

110. The wrongful conduct alleged herein was carried out by the supervisors, agents and/or officers of Defendants, and each of them, in the course and scope of their employment. Defendants are, therefore, strictly liable for the unlawful conduct of their supervisors, agents/or officers.

111. Plaintiff is informed and believes, and thereon alleges that Defendants authorized

1   and/or ratified the conduct of all of its supervisors, managers, and/or employees by engaging in a

2   system and pattern of encouraging them to discriminate against Plaintiff by retaining them after

3   learning of their retaliatory conduct toward Plaintiff.

4         112.   As a direct and proximate result of Defendants' willful, knowing, and intentional

5   actions against her, Plaintiff has suffered and will continue to suffer pain and suffering, and

6   extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general,

7   special, and compensatory damages in amounts to be proven at trial.

8         113.   As a direct and proximate result of Defendants' willful, knowing, and intentional

9   actions against her, Plaintiff has suffered and will continue to suffer a loss of earnings and other

10  employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and

11  compensatory damages in amounts to be proven at trial.

12        114.   Plaintiff is informed and believes and based thereon alleges that the outrageous

13  conduct of Defendants described above was done with malice, oppression and with conscious

14  disregard for her rights and with the intent, design and purpose of injuring her. Moreover,

15  Defendants refused to provide Plaintiff with reasonable accommodations despite having the

16  apparent capacity to do so, instead choosing to terminate her, thereby causing Plaintiff additional

17  stress and exacerbating her already significant health issues. By reason thereof, Plaintiff is

18  entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial

19  <div align="center">**EIGHTH CAUSE OF ACTION**</div>

20  <div align="center">**VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT**</div>

21  <div align="center">**(Against Sunrise Brands and Does 1 to 20)**</div>

22        115.   Plaintiff hereby refers to and incorporates paragraphs 1 through 119, inclusive, of

23  this Complaint by reference, as though fully set forth herein.

24        116.   Plaintiff was employed by Defendants.

25        117.   Plaintiff had s serious health issue.

26        118.   Plaintiff's family member had a serious health issue.

27        119.   Due to the serious health issues, Plaintiff requested time off and took time off to

28  care for her own and her family member's health.

120.    Plaintiff provided the reasons for her leave of absences and gave notice to Defendant to her best ability.

121.    Defendants harassed and chastised Plaintiff for taking leave of absence to care for herself and her family member.

122.    Defendant refused to engage in any interactive process or grant Plaintiff any additional time off. Defendant stated it does not matter what Plaintiff's reason for not being at work was and that Plaintiff was required to be present at work.

123.    Plaintiff attempted to seek recourse from HR to no avail.

124.    Plaintiff was terminated.

125.    Plaintiff is informed and believes and thereon alleges that her termination was motivated by her request for time off for CFRA reasons and her complaints about harassment she received for asserting her legitimate rights under CFRA.

126.    The wrongful conduct alleged herein was carried out by the supervisors, agents and/or officers of Defendants, and each of them, in the course and scope of their employment. Defendants are, therefore, strictly liable for the unlawful conduct of their supervisors, agents/or officers.

127.    Plaintiff is informed and believes, and thereon alleges that Defendants authorized and/or ratified the conduct of all of its supervisors, managers, and/or employees by engaging in a system and pattern of encouraging them to discriminate against Plaintiff by retaining them after learning of their retaliatory conduct toward Plaintiff.

128.    As a direct and proximate result of Defendants' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

129.    As a direct and proximate result of Defendants' willful, knowing, and intentional actions against her, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general, special, and compensatory damages in amounts to be proven at trial.

130.    Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. Moreover, Defendants refused to provide Plaintiff with reasonable accommodations despite having the apparent capacity to do so, instead choosing to terminate her, thereby causing Plaintiff additional stress and exacerbating her already significant health issues. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendants in a sum according to proof at trial.

<div align="center"><b><u>PRAYER FOR RELIEF</u></b></div>

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1.  For an award of general and compensatory damages in an amount to be determined at trial;

2.  For punitive damages, according to proof;

3.  For reasonable attorney's fees;

4.  For pre-judgment and post-judgment interest according to proof and as allowable by statute;

5.  For Costs of Suit incurred;

6.  For such other and further relief as the Court may deem proper.

<div align="center"><b><u>REQUEST FOR JURY TRIAL</u></b></div>

Plaintiff requests a trial by jury.

DATED:  August 15, 2019                    THE KRUGER LAW FIRM

                                           By: _____
                                               Jackie Rose Kruger, Esq.
                                               Attorneys for Plaintiff, Samantha Horen

# Exhibit A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 21, 2018

Samantha Horen

,

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201809-03633821
        Right to Sue: Horen / Sunrise Brands LLC

Dear Samantha Horen,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 21, 2018 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Electronically FILED by Superior Court of California, County of Los Angeles on 08/20/2019 01:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jackie Rose Kruger (SBN:231085)<br>The Kruger Law Firm<br>485 S Robertson Blvd. #4<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 3105501234   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff, SAMANTHA HOREN | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Samantha Horen v. Sunrise Brands, LLC et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 15, 2019

Jackie Rose Kruger
_____
(TYPE OR PRINT NAME)    ►    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract *(not unlawful detainer
 or wrongful eviction)*
 Contract/Warranty Breach–Seller
 Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
 Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
 Case Matter
 Writ–Other Limited Court Case
 Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
 Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
 County)
 Confession of Judgment *(non-
 domestic relations)*
 Sister State Judgment
 Administrative Agency Award
 *(not unpaid taxes)*
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment
 Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
 harassment)*
 Mechanics Lien
 Other Commercial Complaint
 Case *(non-tort/non-complex)*
 Other Civil Complaint
 *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
 Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
 Claim
 Other Civil Petition

Electronically FILED by Superior Court of California, County of Los Angeles on 08/20/2019 01:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

| SHORT TITLE: Samantha Horen v. Sunrise Brands, LLC et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Samantha Horen v. Sunrise Brands, LLC et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐  A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐  A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐  A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐  A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐  A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐  A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐  A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒  A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐  A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐  A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐  A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐  A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐  A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐  A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐  A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐  A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐  A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐  A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐  A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐  A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐  A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐  A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐  A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐  A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐  A6032  Quiet Title | 2, 6 |
| | | ☐  A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐  A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐  A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐  A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐  A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Samantha Horen v. Sunrise Brands, LLC et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Samantha Horen v. Sunrise Brands, LLC et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 801 S Figueroa St |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90017 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___August 15, 2019___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/20/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Deputy<br>Marita P. Barel |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV29456 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Richard L. Fruin | 15 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/22/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Marita P. Barel _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Samantha Horen

DEFENDANT:
Sunrise Brands, LLC

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/22/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____Karen Tapper_____ Deputy

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
19STCV29456

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 12/13/2019 | Time: 8:30 AM | Dept.: 15 |
| --- | --- | --- |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Richard L. Fruin, Jr.

Dated: ___08/22/2019___

_____Richard L. Fruin / Judge_____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jackie Rose Kruger
485 S Robertson Blvd Ste 4
Beverly Hills, CA 90211

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___08/22/2019___

By __Karen Tapper__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three