1 | Jackie Rose Kruger, SBN: 231085
2 | Dawei Chi, SBN: 306236
krugerlaw@thekrugerlawfirm
3 | THE KRUGER LAW FIRM
485 S. Robertson Blvd. Suite #4
4 | Beverly Hills, CA 90211
Telephone: (310) 550-1234
5 | Facsimile: (310) 550-6904

6 | Attorneys for Plaintiff
7 | SAMANTHA HOREN

8 | Christine A. Kohler, State Bar No. 211562
ckohler@littler.com
9 | LITTLER MENDELSON, P.C.
18565 Jamboree Road, Suite 800
10 | Irvine, CA  92612
Telephone: (949) 705-3000
11 | Facsimile:  (949) 724-1201

12 |
13 | Attorneys for Defendant
SUNRISE BRANDS, LLC

14 |

15 | **UNITED STATES DISTRICT COURT**

16 | **CENTRAL DISTRICT OF CALIFORNIA**

17 | **WESTERN DIVISION**

| | |
|---|---|
| 18  SAMANTHA HOREN, an individual, | Case No. 2:19-cv-10307-SVW-SS |
| 19                   Plaintiff, | |
| 20  v. | **STIPULATION TO CONTINUE PRETRIAL CONFERENCE, TRIAL AND ALL RELATED DATES** |
| 21  SUNRISE BRANDS, LLC, a | |
| 22  California limited liability company; and DOES 1 to 20, inclusive, | Pretrial Conference:  May 18, 2020 |
| 23 | Trial:  May 25, 2020 |
| 24                   Defendant. | |

25

26

27

28

Defendant Sunrise Brands LLC ("Defendant") and Plaintiff Samantha Horen ("Plaintiff"), by and through their respective counsel of record, hereby stipulate and request that this Court continue the May 18, 2020 pretrial conference, the May 25, 2020 trial date and all related deadlines in this action.  Good cause for this request exists given the parties' inability to properly conduct discovery or prepare for trial due to the current COVID-19 pandemic.

1.      WHEREAS on December 4, 2019, Defendant removed this action to this Court on the basis of federal question jurisdiction.  (Doc. 1; Declaration of Christine A. Kohler ("Kohler Decl.") ¶ 2 submitted herewith.)

2.      This Court thereafter set an initial status conference for February 3, 2020. (Doc. 7.)  In preparation for the conference, the parties conducted their Rule 26(f) planning meeting and thereafter exchanged their Rule 26(a) initial disclosures. (Kohler Decl., ¶ 3.)

3.      On January 30, 2020, the Court vacated the initial status conference, set a pretrial conference for May 18, 2020 and set a jury trial for May 26, 2020. (Doc. 10.)

4.      The parties thereafter exchanged an initial round of written discovery requests and responses.  (Kohler Decl., ¶ 5.)  Defendant also noticed Plaintiff's deposition to take place on March 12, 2020.  (Kohler Decl., ¶5.)

5.      The parties diligently scheduled a mediation with a private mediator to take place in Los Angeles on March 25, 2020.  (Kohler Decl., ¶ 6.)  Because Plaintiff would be travelling to Los Angeles from her home in Texas for the mediation, the parties agreed to reschedule Plaintiff's deposition for March 26, 2020 so that Plaintiff would only have to make one trip to Los Angeles.  (Kohler Decl., ¶ 6.)

6.      On March 4, 2020, in response to the spread of COVID-19, California

Governor Gavin Newsom declared a state of emergency in California.  The same day, the Los Angeles County Board of Supervisors and the Los Angeles County Department of Public Health declared a local and public health emergency in response to the spread of coronavirus throughout the County of Los Angeles.

7.   Effective March 18, 2020, defense counsel's firm Littler Mendelson, P.C. closed its physical offices and all attorneys and staff began working from home until a date yet to be determined.  (Kohler Decl., ¶ 8.)

8.   On March 19, 2020, Governor Newsom issued a stay at home order for the entire state of California.  (Executive Order 33-20.)

9.   Over the next several days, the parties met and conferred regarding the mediation and deposition they had scheduled.  (Kohler Decl., ¶ 10.)  In light of the pandemic and the Governor's order, Plaintiff would not be travelling from Texas to Los Angeles to attend the mediation or deposition, and Defendant's company representative would not be able to attend the mediation in person.  (Kohler Decl., ¶ 10.)  At that time, the parties decided it would be best to postpone both the mediation and deposition under the circumstances.  (Kohler Decl., ¶ 10.)

10.   On March 19, 2020 the Court activated its Continuity of Operations Plan which, among other things, indicated that for the period March 23, 2020 through May 1, 2020, no hearings would go forward in civil actions other than emergency time-sensitive matters.  (Order of the Chief Judge No. 20-042.)

11.   Effective March 20, 2020, Plaintiff's counsel's law firm The Kruger Law Firm closed in response to the pandemic and per the orders issued by Governor Newsom.  (Kohler Decl., ¶ 12.)  The Kruger Law Firm currently remains closed with plans to reopen on May 15, 2020 or thereafter per order from the State.  (Kohler Decl.,

3.

¶ 12.)

12.    As a result of these circumstances, the parties have been unable to conduct depositions, complete mediation, or prepare for trial.  (Kohler Decl., ¶ 13.)

13.    On April 13, 2020 the Court extended its Continuity of Operations Plan through June 1, 2020.  (General Order No. 20-05.)  The order provides that the Court "will not call in jurors for service in civil or criminal trials until after June 1, 2020 or otherwise ordered by the Court.  Individual Judges may issue other orders concerning future continuances as necessary and appropriate."  The order also states that "[a]ll filing deadlines will remain in place unless otherwise ordered by the presiding Judge."

14.    Federal Rules of Civil Procedure, Rule 6(b)(1) provides, in part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

15.    Further, Federal Rules of Civil Procedure, Rule 16(b)(4) provides that the deadlines imposed in a scheduling order may be modified upon a showing of good cause.  Good cause exists where a deadline cannot reasonably be met despite the diligence of the party seeking the extension. *See Hood v. Hartford Life & Acc. Ins. Co. (ED CA 2008) 567 F. Supp.2d 1221, 1224.*

16.    Given the circumstances of the ongoing pandemic and the impact it has had on law firm and Court operations, good cause exists for the Court to continue the trial date, pretrial conference, and all related pre-trial deadlines in this action.  The parties anticipate that significant difficulties related to continuing discovery and preparing for trial will persist for the coming months and therefore request a continuance of the trial date in this matter to October 27, 2020.  Neither party will be

prejudiced by the granting of the requested continuance. As this stipulation sets forth good cause and is not brought for purposes of delay or any other improper purpose, it would be an appropriate exercise of this Court's discretion to grant the requested continuance.

17.     For the foregoing reasons, the parties jointly request that the May 26, 2020 trial date be continued to October 27, 2020, or as soon thereafter as the Court is available, and that the pretrial conference and all related dates be continued accordingly.

Dated:   May 1, 2020

*/s/ Jackie Rose Kruger*
_____
Jackie Rose Kruger
Dawei Chi
The Kruger Law Firm

Attorneys for Plaintiff
SAMANTHA HOREN

Dated:   May 1, 2020

*/s/ Christine A. Kohler*
_____
Christine A. Kohler
LITTLER MENDELSON, P.C.
Attorneys for Defendant
SUNRISE BRANDS, LLC

1

## **ATTESTATION REGARDING SIGNATURES**

2       I, Christine A. Kohler, attest pursuant to Local Rule 5-4.3.4(a)(2)(i) that all

3 signatories listed, and on whose behalf the filing is submitted, concur in the filing's

4 content and have authorized the filing.

5

6

7 Dated:   May 1, 2020             */s/ Chrisitne A. Kohler* _____
                            CHRISTINE A. KOHLER

8

9 4836-3084-4347.1 105777.1001

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28